INTERNATIONAL TELEPHONE & TELEGRAPH CORP., APPELLANT,
v. PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 68-407—Decided May 14, 1969.)

84

Messrs. *Vorys, Sater, Seymour & Pease, Mr. Russell P. Herrold, Jr.,* and *Mr. J. D. Jordan,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. J. Phillip Redick,* for appellee Public Utilities Commission of Ohio.

Messrs. *Power, Griffith, Jones & Bell, Mr. John Robert Jones, Mr. Sidney D. Griffith, Mr. James F. Bell,* Messrs. *Squire, Sanders & Dempsey, Mr. John Lansdale* and *Mr. Alan P. Buchmann,* for appellee Northern Ohio Telephone Company.

*Per Curiam.* Our determination in this case is limited to the question as to whether the Public Utilities Commission could properly decline to exercise jurisdiction over the application filed by Northern Ohio Telephone Company on October 23, 1967, on the ground that it was not the type of application appropriate under Section 4905.40, Revised Code.

An examination of Section 4905.40, Revised Code, discloses that it is a statute which requires prior approval by the commission of all proposed issues of stock and most proposed issues of debt securities by a public utility where the purpose of the issuance is to finance capital improve-

ments, to reorganize the capital structure, to refund certain obligations incurred or to acquire the stock of another public utility. A perusal of the application filed by Northern Ohio on October 23, 1967, reveals that it would accomplish none of these purposes. Instead the application asks for commission approval of an agreement between a telephone company (Northern Ohio) and a public utility holding company (General Telephone & Electronics Corporation) whereby the telephone company would become a wholly owned subsidiary of the public utilities holding company.* We agree with the commission that the contents of the application take it outside the purview of Section 4905.40, Revised Code.

Appellant argues, however, that the contents of the application bring it within the purview of Section 4905.49, Revised Code, and that the commission should have considered the application as filed pursuant to that statute.

Section 4905.49, Revised Code, outlines the procedure

---

*The application of October 23, 1967, filed by Northern Ohio Telephone Company is titled "In the matter of the Application of NORTHERN OHIO TELEPHONE COMPANY for approval to issue common stock pursuant to a Plan of Reorganization and Merger Agreement to merge New Northern Ohio Telephone Company into Northern Ohio Telephone Company."

New Northern Ohio Telephone Company is not a telephone company in fact, nor a public utility company subject to the jurisdiction of the commission. It is a dummy corporation set up by General Telephone & Electronics Corporation, the entire assets of which consist of a number of shares of General Telephone & Electronics Corporation stock equal to the number of issued and outstanding shares of Northern Ohio Telephone Company. Once Northern Ohio Telephone Company merged with New Northern Ohio Telephone Company, the shares of General Telephone & Electronics Corporation held by New Northern Ohio Telephone Company would be distributed to the existing shareholders of Northern Ohio Telephone Company, with the ultimate effect of making Northern Ohio Telephone Company a wholly owned subsidiary of General Telephone & Electronics Corporation.

General Telephone & Electronics Corporation is a holding company incorporated in New York. It controls various telephone operating companies and some manufacturing companies in several locations throughout the United States.

for obtaining commission approval of a merger between *any two or more telephone companies upon joint application by those companies.* The application actually filed October 23, 1967, by Northern Ohio Telephone Company is patently different from the type indicated in Section 4905.49.

Thus the application filed by Northern Ohio Telephone Company on October 23, 1967, does not fit into either the statutory framework of Section 4905.40, Revised Code, pursuant to which it was filed, or of Section 4905.49, Revised Code, under which appellant argues it should have been filed.

It has already been determined by this court that the commission does not have the power to make a company file an application it does not wish to file. *Sylvania Home Telephone Co.* v. *Pub. Util. Comm.,* 97 Ohio St. 202. It seems logical to hold, as we do today, that a company cannot require the commission to consider an application which patently fails to meet with statutory conditions.

Accordingly, we affirm the decision of the commission.

*Decision affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and DUNCAN, JJ., concur.

TAFT, C. J., concurs in the judgment.